IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SHAUN DENNIS,

    Petitioner,                                   CASE NO. 2:08-CV-866
                                                    JUDGE SMITH
v.                                                    MAGISTRATE JUDGE PRESTON DEAVERS

ROBIN KNAB, Warden,

    Respondent.

**OPINION AND ORDER**

On July 20, 2010, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed.  Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation.*  For the reasons that follow, Petitioner's objections are **OVERRULED**.  The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.**  This action is hereby **DISMISSED.**

Petitioner complains that he is proceeding without the representation of counsel to assist him in filing his objections.  Petitioner, however, has no right to the assistance of counsel in these proceedings.  *Johnson v. Avery*, 393 U.S. 483, 488 (1969)(citation omitted); *see also Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993).

> It is well established that a habeas corpus proceeding is civil in nature, and the Sixth Amendment right to counsel afforded for criminal proceedings does not apply. *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985); *Barker v. Ohio*, 330 F.2d 594 (6th Cir.1964). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. 18 U.S.C. § 3006A(g); *Mira v. Marshall*, 806

>F.2d 636 (6th Cir.1986). Appointment of counsel in a habeas proceeding has been found to be mandatory only if the district court determines that an evidentiary hearing is required. Rule 8(c), Rules Governing § 2254 Cases. Where no evidentiary hearing is necessary, as in the instant case, the district court will often consider (1) the legal complexity of the case, (2) factual complexity of the case, and (3) petitioner's ability to investigate and present his claims, along with any other relevant factors.

*Hoggard v. Purkett*, 29 F.3d 469 (8th Cir.1994).  Consideration of the foregoing factors fails to reflect that the appointment of counsel is warranted in this case.  But, because the Petitioner is proceeding without counsel, the Court will construe his pleadings liberally. *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)(citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).

Petitioner objects to the Magistrate Judge's recommendation of dismissal of his claims on the merits.  In this regard, he again raises all of the same arguments he previously presented. Additionally, Petitioner raises new claims for relief in his objections. He now asserts that the State violated Ohio Criminal Rules by failing to file a criminal complaint and that his convictions are the result of vindictive prosecution due to his refusal to accept the plea offer.  Petitioner also again contends that he is actually innocent of the charges, challenges the credibility of prosecution witnesses, and seeks a new trial. *See Objections*.

Petitioner's objections are not well taken.  Regardless of petitioner's *pro se* status, he may not raise entirely new claims in these objections.  The original Petition for Habeas Corpus was filed September 19, 2008.  Petitioner had more than adequate opportunity to seek to amend his petition with new claims.  In any event, it appears that his new

allegations, which do not relate back to the claims initially raised in his timely Petition, would therefore be time-barred. *Mayle v. Felix*, 545 U.S. 644, 657 (2005)(new untimely claims for must "arise from the same core of facts as the timely filed claims.")[1]

Even if the Court could consider the claim in these proceedings, the record fails to establish that Petitioner is actually innocent of the charges against him.

> An exception to the bar of exhaustion and procedural default exists in "exceedingly narrow" circumstances where a "petitioner can show that a constitutional violation has probably resulted in the conviction of a factually innocent person." *Pudelski v. Wilson*, 576 F.3d 595, 606 n. 2 (6th Cir.2009) (citation omitted). To establish a claim of actual, factual

---

[1] The United States District Court for the District of Arizona summarized the Supreme Court's holding in *Mayle* in relevant part as follows:

> [N]ew [time-barred] claims differing in both time and type do not relate back to a timely-filed petition. *See Davenport v. United States*, 217 F.3d at 1341, 1346 (11th Cir. 2000) (stating that newly-offered claims of IAC do not relate back to timely-filed claims of IAC because they were based on different sets of facts); *United States v. Pittman*, 209 F.3d 314, 317-18 (4th Cir. 2000) (stating that claims regarding obstruction of justice enhancement and failure of counsel to file an appeal do not relate back to claims that the district court lacked jurisdiction to impose an enhanced sentence and the government failed to establish by a preponderance of the evidence that the drugs at issue were crack cocaine); *United States v. Duffus*, 174 F.3d 333, 337-38 (3rd Cir.1999) (stating that a claim of IAC for failing to move to suppress evidence did not relate back to a claim of IAC for failing to contend on appeal that evidence was insufficient to support conviction); *United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir.1999) (stating that IAC claims alleged in a timely-filed petition were separate from other IAC claims because "[f]ailing to file an appeal is a separate occurrence in both time and type from a failure to pursue a downward departure or failure to object to the type of drugs at issue"). However, in contrast, if the new claim merely clarifies or amplifies a claim or theory already in the original petition, the new claim may relate back to the date of the original petition and avoid a time bar. *See Woodward v. Williams*, 263 F.3d 1135, 1142 (10th Cir. 2001).

*Schurz v. Schriro*, No. CV-97-580, 2006 WL 89933 (D. Az. Jan.11, 2006).

> innocence, the petitioner must present new evidence that shows that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence. *Id.* (citation omitted). This standard is "demanding and permits review only in the 'extraordinary' case." *Id.* (quoting *House v. Bell,* 547 U.S. 518, 538, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006)).

*Nesser v. Wolfe*, No. 07-3932, 2010 WL 1141006 (6th Cir. March 25, 2010).  Petitioner cannot meet this standard here.  Further, and for the reasons already detailed in the Magistrate Judge's *Report and Recommendation*, the record fails to reflect either that the trial court sentenced petitioner in violation of the Sixth Amendment, or that the evidence, when viewed in the light most favorable to the prosecution was constitutionally insufficient to sustain his convictions.  *See Jackson v. Virginia*, 443 U.S. 307 (1978).

Therefore, Petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**.  This action is hereby **DISMISSED.**

**IT IS SO ORDERED.**

              \s\ George C. Smith
              GEORGE C. SMITH
              United States District Judge